IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a The Travelers Indemnity Company of Illinois, as subrogee of Tuskegee University, and TUSKEGEE UNIVERSITY,<br><br>        Plaintiffs,<br><br>v.<br><br>ONESOURCE FACILITY SERVICES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CASE NO. CV- 3:05cv618w<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant OneSource Facility Services, Inc. ("OneSource"), pursuant to *28 U.S.C. §§ 1332, 1441* and *1446, et seq.*, hereby gives notice of the removal of this action from the Circuit Court of Macon County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds for this removal, OneSource shows unto the Court as follows:

### I. State Court Action

1.    This action was commenced on August 26, 2004 in the Circuit Court of Macon County, Alabama. The style of the case in the Circuit Court is <u>Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, as subrogee of Tuskegee University, and Tuskegee University v. OneSource Facility Services, Inc., Burch</u>

Corporation of America and Burch Corporation, Case No. 04-165. True and correct copies of all the pleadings, papers, process and orders filed or served in said action are attached as Exhibit "A" and incorporated herein.

2. OneSource was served with the Summons and Complaint on September 8, 2004.

3. At the time of service, diversity jurisdiction did not exist because Plaintiff Tuskegee University ("Tuskegee") and Defendants Burch Corporation and Burch Corporation of America (the "Burch Defendants") are all citizens of Alabama.[1]

4. However, on May 31, 2005, Plaintiffs filed a motion to dismiss the Burch Defendants with prejudice.

5. The undersigned counsel received a copy of Plaintiffs' motion to dismiss on or about June 1, 2005.

6. On June 28, 2005, the Circuit Court for Macon County granted Plaintiffs' motion and dismissed all claims against the non-diverse Burch Defendants with prejudice, thereby creating complete diversity as demonstrated herein.

## II. Diversity Jurisdiction[2]

7. Plaintiff Travelers Property Casualty Company of America ("Travelers") is now and was at the time of the commencement of this action, a citizen of Connecticut, as it is a

---

[1] Burch is an Alabama corporation with its principal place of business in Birmingham, Alabama.

[2] The contract between Tuskegee and OneSource provides that ". . . venue in any legal proceedings . . . shall be brought and maintained in City of Tuskegee, Macon County, Alabama." This provision does not deprive this Court of jurisdiction. See Global Satellite Communication Co. v. Star Mill UK Ltd., 378 F. 3d 1269 (11th Cir. 2004) (holding that a contract that provided that venue shall be in a particular county in state which suit was filed would not be construed as waiver by defendant of right to remove breach of contract action).

Connecticut corporation with its principal place of business in Hartford, Connecticut.

8.  Plaintiff Tuskegee is now and was at the time of the commencement of this action, a citizen of Alabama, as it is an Alabama corporation with its principal place of business in Tuskegee, Alabama.

9.  The remaining defendant, OneSource, is not now nor at the time of the commencement of this action, a citizen of Alabama, as it is a Delaware corporation with its principal place of business in Atlanta, Georgia.

10.  The amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00) as pleaded in the complaint, exclusive of interest and costs.  Specifically, Plaintiffs are seeking the sum of $163,848.70. (Plaintiffs' Complaint).

11.  Consequently, this Court has jurisdiction over this case pursuant to *28 U.S.C. §1332(a)*, and this action is removable pursuant to *28 U.S.C. § 1441(b)*.

### III. Procedural Requirements

12.  This Notice of Removal is timely filed within both the 30-day and one-year time limitation periods specified in *28 U.S.C. §1446(b)*.

13.  Pursuant to *28 U.S.C. §1446(d)*, a copy of this Notice of Removal is being filed with the Clerk of Court in Macon County, Alabama, and is being served on all adverse parties.

WHEREFORE, the premises considered, OneSource respectfully requests that this Court will accept this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to achieve the removal of this cause from the Circuit Court of Macon County, Alabama, to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of

all proceedings that have been had in the Circuit Court.

    Respectfully submitted this the 29th day of June, 2005.

_____ (SEF001)
Patrick L. W. Sefton

Attorney for Defendant
OneSource Facility Services, Inc.

OF COUNSEL:
Sasser, Bolton, Stidham & Sefton, P.C.
P. O. Drawer 4539
Montgomery, AL 36103-4539
Telephone: 334-532-3400
Facsimile: 334-532-3434

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** has been served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 29th day of June 2005:

Linda Hinson Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244

_____
Of Counsel

EXHIBITS

TO THIS DOCUMENT

ARE NOT SCANNED.

THEY ARE FILED

IN CONVENTIONAL FORMAT

AND AVAILABLE FOR VIEWING

IN THE CLERK'S OFFICE.