IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA f/k/a The Travelers )
Indemnity Company of Illinois, as subrogee of )
Tuskegee University, and TUSKEGEE )
UNIVERSITY, )
                                                     )   CIVIL ACTION
     Plaintiffs,                    )   FILE NO: 04-165
v. )
 )
ONESOURCE FACILITY SERVICES, INC., )
BURCH CORPORATION OF AMERICA, )
and BURCH CORPORATION, there may also )
be others who are responsible for the damages )
suffered by the plaintiffs whose identities are )
currently not known by the plaintiffs or whose )
actions are not currently known, and those )
individuals, corporations, partnerships or other )
entities are included as Fictitious Defendants )
A, B, C, D, E, F, and G. )
 )
     Defendants. )

## COMPLAINT

COME NOW the plaintiffs, Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois, as subrogee of Tuskegee University ("Travelers") and Tuskegee University, through counsel, and file their complaint against the defendants as follows:

## JURISDICTION AND VENUE

1.

Travelers is a corporation existing under the laws of a state other than Alabama, with its principal place of business located in a state other than Alabama and, at all relevant times hereto, was authorized to do business, and was doing business, in Macon County, Alabama. Tuskegee

University was at all times relevant hereto, authorized to do business, and was doing business, in Macon County, Alabama.

2.

Tuskegee University is an educational institution incorporated in the State of Alabama and, at all times relevant hereto, was authorized to do business and was doing business in Macon County, Alabama.

3.

Defendant, OneSource Facility Services, Inc. ("OneSource") is a corporation existing under the laws of a state other than Alabama, is licensed to do business in the State of Alabama, and is subject to the jurisdiction of this Court.

4.

OneSource may be served with process by serving its registered agent, Prentice Hall Corporation Company, at 150 S. Perry Street, Montgomery, Alabama 36104.

5.

Defendant, Burch Corporation, ("Burch") is a company incorporated in the State of Alabama and, at all times relevant hereto, was authorized to do business and was doing business in the State of Alabama.

6.

Burch may be served with process by serving its Registered Agent, Robert E. Furlong, 216 South Oporto Madrid Boulevard, Birmingham, Alabama 35206-4850.

7.

Defendant, Burch Corporation of America ("Burch of America") is a company incorporated in the State of Alabama and, at all times relevant hereto, was authorized to do business and was doing business in the State of Alabama.

8.

Burch of America may be served with process by serving its Registered Agent, Robert E. Furlong, 216 South Oporto Madrid Boulevard, Birmingham, Alabama 35206-4850.

9.

This Court has jurisdiction over the parties and the subject matter of this action.

10.

This Court is the proper venue for this action, as Macon County, Alabama is the location where the incident giving rise to this cause of action occurred.

WHEREFORE, the use of the word "Defendant" herein includes, without limitation, the named and fictitious defendants.

## FACTS

11.

Plaintiffs re-allege the allegations set forth in paragraphs 1 through 10 of this Complaint as though set forth in full.

12.

Prior to August 28, 2002, Travelers issued a policy of insurance to Tuskegee University as a named insured. This policy, bearing the number YJ630-982K5969, provided coverage for certain property and other damages Tuskegee University might suffer with respect to the university grounds and property it owned located at its main campus located in Tuskegee, Macon County, Alabama, ("Main Campus").

13.

Based on information and belief, OneSource contracted with Tuskegee for the operation, repair and maintenance of various machines and mechanical components at the Main Campus, including the mechanical components located in the Chiller Plant.

14.

Based on information and belief, Burch and/or Burch of America contracted with Tuskegee University to repair and maintain various machines and mechanical components at the Main Campus, including those located within the Chiller Plant.

15.

On or about August 28, 2002, two transformers in the Chiller Plant located on the Main Campus of Tuskegee University were damaged by water.

16.

Based on information and belief, the water damage referred to above occurred because of a sudden surge of water known as a "water hammer" in the pipes that caused the pressure cap on another pipe to spray water onto two transformers, resulting in their destruction.

17.

Tuskegee University made a claim to Travelers for damages suffered as a result of the incident of August 28, 2002, described above.

18.

Travelers paid Tuskegee University $113,848.70 for damages it suffered as a result of the incident of August 28, 2002, and Travelers is subrogated to Tuskegee's right of recovery to the extent of the payment made.

19.

Tuskegee University suffered uninsured losses of at least $50,000.00, as a result of the incident described above.

## COUNT I
## NEGLIGENCE
## (ONESOURCE)

20.

Plaintiffs re-allege paragraphs 1 through 19 of this Complaint as though set forth in full.

21.

OneSource, its employees, agents and/or representatives had a duty to Tuskegee University to use reasonable care to maintain, repair and operate the machinery located in the Chiller Plant, including the components of the water supply, so that the machinery would not malfunction and cause damages to Tuskegee University's property.

22.

Based on information and belief, employees, agents, and/or representatives of OneSource breached the standard of care when they improperly turned off the main water supply in the Chiller Plant, causing the damages for which plaintiffs seek relief.

23.

Based on information and belief, employees, agents and/or representatives of OneSource breached the standard of care when they failed to maintain, replace, and/or repair the main water supply in the Chiller Plant.

24.

The negligence of the employees, agents and/or representatives of OneSource, as described above, proximately and factually caused damages for which plaintiffs now seek relief.

## COUNT II
## NEGLIGENCE
## (BURCH AND BURCH OF AMERICA)

25.

Plaintiffs re-allege paragraphs 1 through 24 of this Complaint as though set forth in full.

26.

Burch and/or Burch of America, their employees, agents and/or representatives had a duty to Tuskegee University to use reasonable care to maintain, repair and/or replace the machinery located in the Chiller Plant, including the components of the water supply, so that the machinery would not malfunction and cause damages to Tuskegee University's property.

27.

Based on information and belief, employees, agents and/or representatives of Burch and/or Burch of America breached the standard of care when they failed to maintain, repair and/or replace the components of the water supply in the Chiller Plant.

28.

The negligence of Burch's and/or Burch of America's employees, agents and/or representatives, as described above, proximately and factually caused the damages for which plaintiffs seek relief.

## COUNT III
## NEGLIGENT HIRING, SUPERVISION AND TRAINING
## (ALL DEFENDANTS)

29.

Plaintiffs re-allege paragraphs 1 through 28 of this Complaint as though set forth in full.

30.

Defendants had a duty to hire, supervise and properly train their employees so that their employees would maintain, repair, replace, operate and/or control machinery in the Chiller Plant in a manner such that their actions could cause damages to the Plaintiffs.

31.

Defendants breached the standard of care when they failed to hire, supervise and train their employees to properly maintain, repair, replace, operate and/or control the machinery in the Chiller Plant including, but not limited to, the water supply line.

32.

Defendants' negligent acts as described above, factually and proximately caused the damages for which Plaintiffs now seek relief.

## COUNT IV
## BREACH OF CONTRACT
## (ALL DEFENDANTS)

33.

Plaintiffs re-allege paragraphs 1 through 32 of this Complaint as though set forth in full.

34.

Prior to August 28, 2002, defendants entered into contracts with Tuskegee University to maintain, replace, repair and/or operate certain equipment located in the Chiller Plant.

35.

The above-referenced agreements required defendants to maintain, replace, repair and/or operate various machinery located in the Chiller Plant, including, but not limited to, the equipment for the water supply in the Chiller Plant.

36.

Defendants breached their contracts with Tuskegee University when they failed to properly maintain, replace, repair and/or operate the equipment in the Chiller Plant, including, but not limited to, the equipment for the water supply.

37.

Defendants' breach of contract as described above proximately and factually caused the damages for which Plaintiffs now seek relief.

## COUNT V
## (FICTITIOUS DEFENDANTS)

38.

Plaintiffs reallege paragraphs 1 through 37 of this complaint as though set forth in full.

39.

Fictitious Defendants A, B, C, D, E, F, and G are individuals, businesses, partnerships or corporations who may also be responsible for the fire described in this complaint or the spread of the fire, and may also be liable to plaintiffs for damages suffered as a result, but whose identities are currently unknown by the plaintiffs, and whose identities have not been discovered despite plaintiffs' best efforts.

40.

Pursuant to the Alabama Rules of Civil Procedure, and as allowed by Alabama law, plaintiffs assert that the above-named Fictitious Defendants may also be liable to the plaintiffs for the damages suffered as a result of the fire referred to in this complaint, in that their actions, which are currently unknown, factually and proximately caused the fire and resulting damages for which plaintiff now seeks relief.

WHEREFORE, Plaintiffs demand judgment against the above referenced defendants and the Fictitious Defendants for compensatory damages, interest, costs, attorney's fees, punitive damages and other relief that this Court deems just and proper.

WHEREFORE, the allegations in this complaint shall include allegations against the Fictitious Defendants.

WHEREORE, Plaintiffs demand judgment against the above referenced defendants in the amount of $163,848.70, plus interest, costs, attorney's fees and other relief that this Court deems just and proper.

**PLAINTIFFS HEREBY FILE INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS CONTEMPORANEOUSLY WITH THE COMPLAINT, TO BE SERVED UPON DEFENDANTS.**

This 26th day of August, 2004.

_____
Linda Hinson Ambrose
Alabama Bar No. HIN017

OF COUNSEL:
ROGERS & ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35244
(205) 982-4637
(205) 982-4630 (Fax)

ATTORNEY FOR PLAINTIFF, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA