IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY )<br>COMPANY OF AMERICA f/k/a The )<br>Travelers Indemnity Company of Illinois, )<br>as subrogee of Tuskegee University, and )<br>TUSKEGEE UNIVERSITY, )<br>    )<br>          Plaintiffs, )<br>    )<br>v.    )<br>    )<br>ONESOURCE FACILITY SERVICES, )<br>INC., BURCH CORPORATION OF )<br>AMERICA and BURCH CORPORATION, )<br>    )<br>          Defendants. ) | 3:05cv618-W<br><br>CASE NO. CV-04-165 |

## ANSWER

**OneSource Facility Services, Inc.** ("OneSource") files its Answer to Plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

1.   Admits.

2.   Admits.

3.   OneSource admits that it is a corporation existing under the laws of a state other than Alabama and that it maintains all necessary licenses to do business in the state of Alabama. Once Source has insufficient information at this time to admit or deny whether it is subject to the jurisdiction of this Court.

4.   Admits.

5. OneSource admits that Burch is an Alabama corporation but has insufficient information upon which to either admit or deny the remaining material allegations in paragraph 5 and, therefore, denies the same and demands strict proof thereof.

6. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 6 and, therefore, denies the same and demands strict proof thereof.

7. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 8 and, therefore, denies the same and demands strict proof thereof.

9. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 9 and, therefore, denies the same and demands strict proof thereof.

10. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 10 and, therefore, denies the same and demands strict proof thereof.

## FACTS

11. OneSource adopts and incorporates its answers to paragraphs 1 through 10 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

12. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 12 and, therefore, denies the same and demands strict proof thereof.

13. OneSource admits that it contracted with Tuskegee University. However, OneSource states that the contract terms speak for themselves.

14. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 14 and, therefore, denies the same and demands strict proof thereof.

15. OneSource denies the material allegations in paragraph 15 and demands strict proof thereof.

16. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 16 and, therefore, denies the same and demands strict proof thereof.

17. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 17 and, therefore, denies the same and demands strict proof thereof.

18. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 18 and, therefore, denies the same and demands strict proof thereof.

19. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 19 and, therefore, denies the same and demands strict proof thereof.

## COUNT I

### Negligence (OneSource)

20. OneSource adopts and incorporates its answers to paragraphs 1 through 19 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

21. As phrased, OneSource denies the material allegations in paragraph 21 and demands strict proof thereof.

22. OneSource denies the material allegations in paragraph 22 and demands strict proof thereof.

23. OneSource denies the material allegations in paragraph 23 and demands strict proof thereof.

24. OneSource denies the material allegations in paragraph 24 and demands strict proof thereof.

## COUNT II

### Negligence (Burch and Burch of America)

25. OneSource adopts and incorporates its answers to paragraphs 1 through 24 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

26. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 26 and, therefore, denies the same and demands strict proof thereof.

27. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 27 and, therefore, denies the same and demands strict proof thereof.

28.     OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 28 and, therefore, denies the same and demands strict proof thereof.

## COUNT III

### Negligent Hiring, Supervision and Training (All Defendants)

29.     OneSource adopts and incorporates its answers to paragraphs 1 through 28 of Plaintiffs' Complaint as if the same were set forth here *in extenso.*

30.     OneSource denies the material allegations in paragraph 30 and demands strict proof thereof.

31.     OneSource denies the material allegations in paragraph 31 and demands strict proof thereof.

32.     OneSource denies the material allegations in paragraph 32 and demands strict proof thereof.

## COUNT IV

### Breach of Contract (All Defendants)

33.     OneSource adopts and incorporates its answers to paragraphs 1 through 32 of Plaintiffs' Complaint as if the same were set forth here *in extenso.*

34.     OneSource admits that it entered into a contract with Tuskegee University. OneSource states that the contract speaks for itself.

35.     OneSource states that the contract speaks for itself and denies the characterization of the Contract by Plaintiffs.

36. OneSource denies the material allegations in paragraph 36 and demands strict proof thereof.

37. OneSource denies the material allegations in paragraph 37 and demands strict proof thereof.

## COUNT V

### (Fictitious Defendants)

38. OneSource adopts and incorporates its answers to paragraphs 1 through 37 of Plaintiffs' Complaint as if the same were set forth here *in extenso*.

39. No response is required by OneSource. However, to the extent that Plaintiffs are seeking to impute wrongdoing to OneSource by any of its employees and agents, OneSource denies the material allegations in paragraph 39 and demands strict proof thereof.

40. OneSource has insufficient information upon which to either admit or deny the material allegations in paragraph 40 and, therefore, denies the same and demands strict proof thereof.

FURTHERMORE, this Defendant denies that Plaintiffs are entitled to any of the relief as requested in the *ad damnum* clause of Plaintiffs' Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

OneSource asserts that venue is improper and that this case is due to be dismissed or transferred to a different venue.

## SECOND AFFIRMATIVE DEFENSE

OneSource asserts that this Court lacks jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

In the event that there exists a valid arbitration provision between the parties applicable to and acceptable to OneSource, OneSource asserts that the case is to due to be arbitrated.

## FOURTH AFFIRMATIVE DEFENSE

Unless expressly admitted, OneSource denies the material allegations in Plaintiffs' Complaint.

## FIFTH AFFIRMATIVE DEFENSE

OneSource states it is not guilty of the things and matters complained of in Plaintiffs' Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint, or various portions thereof, fails to state a claim upon which relief may be granted.

## SEVENTH AFFIRMATIVE DEFENSE

OneSource pleads the general issue.

## EIGHTH AFFIRMATIVE DEFENSE

OneSource asserts the applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE

OneSource asserts that any damages to Plaintiffs were caused by the actions or inactions of other parties, a third party, or an intervening cause.

### TENTH AFFIRMATIVE DEFENSE

OneSource asserts that Plaintiffs' claims are barred in whole or part by the doctrine of contributory negligence.

### ELEVENTH AFFIRMATIVE DEFENSE

OneSource denies that it has breached any alleged duty owed toward the Plaintiffs and pleads lack of causation.

### TWELFTH AFFIRMATIVE DEFENSE

OneSource asserts that any damages suffered by Plaintiffs were not proximately caused by the actions or inactions of OneSource.

### THIRTEENTH AFFIRMATIVE DEFENSE

OneSource asserts that any damages to Plaintiffs were caused by the actions or inactions of other parties or an intervening cause.

### FOURTEENTH AFFIRMATIVE DEFENSE

OneSource states that Plaintiffs' claims are barred by the doctrine of assumption of the risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

OneSource asserts that Plaintiffs' damages, if any, are caused in whole or part because of Plaintiffs' failure to mitigate their alleged damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

OneSource asserts that Plaintiffs' claims are barred by the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

OneSource asserts that Plaintiffs' claims are barred by the doctrine of waiver and estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

OneSource contests the nature and amount of Plaintiffs' damages

## NINETEENTH AFFIRMATIVE DEFENSE

OneSource denies that the injuries and damages alleged by the Plaintiffs were caused by the negligence of Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

OneSource asserts the Statute of Fraud defense.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

OneSource asserts the Act of God defense.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

OneSource asserts that Plaintiffs are not entitled to punitive damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

OneSource avers that the Plaintiffs' claims for recovery of punitive damages are in contravention of its rights under any constitutional provision or standard that forms the basis of a decision by the United States Supreme Court in BMW of North America, Inc. v. Gore, 116 S. Ct. 1589 (1996).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any and all claims for punitive damages in this action are limited in the amount by application of Ala. Code § 6-11-21 (1975), which provides that an award of punitive damages shall not exceed $250,000. See also Oliver v. Towns, 738 So.2d.798 (Ala. 1999).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The holding of <u>Henderson v. Ala. Power Co.</u>, 627 So. 2d 878 (Ala. 1993) is incorrect and due to be overruled for each and every reason set forth in the special concurrences to <u>Goodyear Tire And Rubber Co. v. Vinson</u>, 749 So.2d. 393 (Ala. 1999) and supporting authority cited therein, which are adopted by reference as if it were set forth herein

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The doctrine of revival dictates that upon the overruling of <u>Henderson</u>, the $250,000 cap provided by Ala. Code § 6-11-21 (1975), is applicable to this case which was filed after that applicable section was enacted.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

OneSource asserts all other caps and limitations on damages, including punitive damages, as set forth in the Code of Alabama (1975).

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

OneSource adopts and incorporates all other affirmative defenses not inconsistent with those stated herein set forth in Ala. R. Civ. P. 8 and reserves the right to amend its Answer to add any additional affirmative defenses, admissions or denials which become applicable after the substantial completion of discovery.

Respectfully submitted,

_____
Patrick L. W. Sefton          (SEF001)

Attorney for Defendant
OneSource Facility Services, Inc.

OF COUNSEL:

Sasser, Littleton & Stidham, P.C.
P. O. Drawer 4539
Montgomery, AL 36103-4539
Telephone:   334-532-3400
Facsimile:   334-532-3434

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **ANSWER** has been served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 8th day of October 2004:

Linda Hinson Ambrose, Esq.
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244

Burch Corporation of American
c/o Robert E. Furlong, President
216 S. Oporto Madrid Blvd.
Birmingham, AL 35206-4850

Burch Corporation
c/o Robert E. Furlong, Registered Agent
216 S. Oporto Madrid Blvd.
Birmingham, AL 35206-4850

_____
Of Counsel