IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDEL DISTRICT OF ALABAMA
EASTERN DIVISION

2005 AUG -2  A 10: 46

TRAVELERS PROPERTY CASUALTY )
COMPANY OF AMERICA f/k/a The )
Travelers Indemnity Company of Illinois,)
as subrogee of Tuskegee University, and )
TUSKEGEE UNIVERSITY, )
 )
Plaintiffs, )
 )
v. )  Case No. CV- 3:05cv618-T
 )
ONESOURCE FACILITY SERVICES, )
INC., )
 )
 )
Defendant. )

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR REMAND

Plaintiffs, Travelers Property Casualty Company of America, f/k/a Travelers Indemnity Company of Illinois ("Travelers") and Tuskegee University, hereby file their Brief in Support of their Motion for Remand and state as follows:

## FACTS

This action is a civil action in breach of contract and tort for general and special damages and expenses. All claims arise from water damages suffered as a result of the actions of the defendant, OneSource Facility Services, Inc. ("OneSource").

On or about November 6, 2001, Tuskegee University entered into a contract with OneSource entitled "Service Contract for Facilities maintenance Contract Services" ("Contract"), (attached hereto as Exhibit "A"). Under the contract, OneSource agreed to provide "all necessary management, supervision, labor, technical support and other accessories and services for the cleaning and maintenance of the Facility." (Ex. "A", Sec. 1A.) The "Facility" is defined as "Tuskegee University . . . owner and operator of a comprehensive university campus . . .".

1

(Ex. "A", Paragraph 2). Part of the Facility included a building known as the "Chiller Plant", which housed certain electrical, plumbing and other HVAC equipment necessary for the operation of the air conditioning for buildings on Tuskegee University's main campus in Tuskegee, Alabama. (Complaint, Paragraphs 13 and 14).

The Contract also provides:

28. GOVERNING LAWS

A. The contract shall be governed by the laws of the State of Alabama and that venue in any legal proceedings arising out of the contract or performance there under shall be brought and maintained in the City of Tuskegee, Macon County, Alabama.

B. In the event that either party retains the services of an attorney to enforce this contract, the prevailing party shall be entitled to recover from the other party its attorneys' fees and costs incurred in such enforcement.

Ex. "A", Section 28.

On August 28, 2002, two transformers inside the Chiller Plant were damaged by water. Plaintiffs' contend that the actions of employees, agents and/or representatives of the defendant in failing to maintain, replace and/or repair the water supply in the Chiller Plant caused that machinery to malfunction, resulting in water spraying onto the transformers, causing their destruction and plaintiffs' damages. (Complaint, Paragraphs 21, 23, 34-37).

The plaintiffs filed their action in the Circuit Court of Macon County, Alabama, on August 26, 2004. Initially, plaintiffs also included as defendants Burch Corporation of America and Burch Corporation, both Alabama corporations. However, as discovery progressed, plaintiffs determined that these two defendants were not responsible for maintaining or repairing

2

the equipment that failed and caused the water damage. They were dismissed as defendants voluntarily by the plaintiffs on June 28, 2005.

On or about June 29, 2005, OneSource served counsel for plaintiffs with a Notice of Removal, contending that, due to the dismissal of the two Alabama corporations, diversity of citizenship now exists between the defendant and the plaintiffs in that Tuskegee University is an Alabama corporation, Travelers is a Connecticut corporation, and OneSource is a Delaware corporation with its principal place of business in Atlanta, Georgia, and that the amount in controversy exceeds $75,000.

## ARGUMENT

### REMAND IS REQUIRED BECAUSE ONESOURCE CONTRACTUALLY AGREED PRIOR TO THIS LAWSUIT, THAT LEGAL PROCEEDINGS ARISING OUT OF THE CONTRACT WITH TUSKEGEE UNIVERSITY WOULD BE MAINTAINED IN TUSKEGEE, MACON COUNTY, ALABAMA.

The venue provision in Section 28 of the Contract is known as a "forum selection clause, and the eleventh circuit has noted that this clause may constitute a waiver of a defendant's right to remove an action to federal court. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260 (11th Cir. 1999). The waiver in a forum selection clause need not be "clear and unequivocal". In the context of removal based only on diversity jurisdiction, as in the case before this Court, the waiver is determined according to ordinary contract principles. *Id.*

Plaintiffs contend that the forum selection clause is mandatory and unambiguous, requiring that any legal proceedings arising out of the contract "*shall be brought and maintained in City of Tuskegee, Macon County, Alabama.*" Ex. "A", Sec. 28 (emphasis supplied).

In its Notice of Removal, defendant cites the case of *Global Satellite Communication Co. v. Star Mill UK, Ltd.*, 378 F.3d 1269 (11th Cir. 2004) as standing for the proposition that the forum selection clause in the Contract does not deprive this court of jurisdiction. In fact, the

3

forum selection clause in *Global Satellite* is not the same as the one before this Court, and that case does not serve as precedent for this Court retaining jurisdiction of this case.

The forum selection clause in *Global Satellite* provided that "[v]enue shall be in Broward County" (Florida). 378 F.3d 1269, 1272. The eleventh circuit reversed the trial court's decision to remand the case to the state court in Broward County, finding that the forum selection clause in the contract was vague, in that there were several different forums in Broward County, Florida *including* a federal court division. As such, allowing the suit to be maintained in the federal court physically located in Broward County did NOT violate the forum selection clause in the contract. *Id.*, at p. 1274.

The forum selection clause in the case before this Court specifically states that all legal proceedings arising from the contract shall be brought and maintained in the *City of Tuskegee, Macon County, Alabama.* There is no federal court sitting in Tuskegee, Alabama. As such, Global Satellite does not control. Removing this case to federal court violates the forum selection clause.

Since the defendant voluntarily consented to legal proceedings involving the contract being brought ONLY in the City of Tuskegee, Macon County, Alabama, it has waived its right to remove this case to federal court. As such, this Court does not have jurisdiction, and the action should be remanded to the Circuit Court of Macon County, Alabama.

## CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court remand this action to the Circuit Court of Macon County, Alabama.

This ___/s/___ day of August, 2005.

Respectfully submitted

_____
D. Wayne Rogers, Esq.
ASB 4648F80D

ROGERS AND ASSOCIATES
3000 Riverchase Galleria, Suite 650
Birmingham, Alabama 35244
(205) 982-4620
(205) 982-4630 (fax)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the foregoing matter with the attached document, Plaintiffs' Motion for Remand, by depositing in the United States Mail, with sufficient postage thereon, addressed as follows:

Patrick L. Sefton, Esq.
SASSER, BOLTON, STIDHAM & SEFTON, PC
PO Drawer 4539
Montgomery, Alabama 36103-4539

This, 1st day of August, 2005.

_____
OF COUNSEL

5