IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA f/k/a The Travelers Indemnity Company of Illinois, as subrogee of Tuskegee University, and TUSKEGEE UNIVERSITY,<br><br>Plaintiffs,<br><br>v.<br><br>ONESOURCE FACILITY SERVICES, INC.,<br><br>Defendant. | CASE NO. 3:05-cv-618(T) |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 19, 2005, by telephone conference and was attended by: D. Wayne Rogers, for the Plaintiffs, and Patrick L. W. Sefton for the Defendant.

2. Pre-Discovery Disclosures. The parties stipulate that they will exchange by September 16, 2005 the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan. The parties jointly propose to the Court the following discovery plan:

   a. Discovery will be needed by Plaintiffs and Defendant on all matters relating to prosecution of this action including, but not limited to, facts and circumstances surrounding the Plaintiffs' allegations as more fully set forth in Plaintiffs' Complaint and Defendant's claims, contentions, denials and affirmative defenses as set forth in its Answer.

  b. It is also expected that both parties will desire an inspection of the premises at issue.

  c. Both parties expect to designate expert witnesses from whom discovery will be sought.

  d. All discovery commenced in time to be completed by April 7, 2006.

  e. Maximum of 25 interrogatories by each party to any other party. Responses due 30 days after service.

  f. Maximum of 25 requests for admissions by each party to any other party. Responses due 30 days after service.

  g. Maximum of 15 depositions by Plaintiffs and 15 by Defendants. However, the parties stipulate and agree that all discovery taken under oath in the case, whether by deposition or hearing, shall be treated as if taken in the instant case and can be used by either party for any purpose allowed under the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

  h. Each deposition is limited to maximum of 6 hours unless extended by agreement of parties.

  i. Reports from retained experts under Rule 26 (a)(2) due:

  from Plaintiffs by January 6, 2006;

  from Defendants by January 20, 2006.

  j. Supplementations under Rule 26(e) due intermittently as discovered, and no later than 14 days of discovery of the new information.

4. Other Items:

a. The parties do not request a conference with the Court before entry of the Scheduling Order.

b. The parties request a Pretrial Conference on April 17, 2006.

c. Parties should be allowed until November 15, 2005 to join additional parties and to amend the pleadings.

d. All potentially dispositive motions should be filed by January 13, 2006.

e. Settlement is a possibility and the parties are willing to discuss a potential resolution.

f. Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

from Plaintiff by April 14, 2006;

from Defendants by April 21, 2006.

g. Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

h. The case should be ready for trial by May 22, 2006 and, at this time, is expected to take approximately 3 days.

Respectfully submitted on this 22nd day of August 2005.

_____  
D. Wayne Rogers, Esq.  
Attorney for Plaintiffs  
Rogers & Associates  
3000 Riverchase Galleria, Suite 650  
Birmingham, AL 35244  
Ph:  205.982.4620  
Fax: 205.982.4630  

_____  
Patrick L. W. Sefton, Esq.  
Attorney for Defendants  
Sasser, Bolton, Stidham & Sefton, P.C.  
P. O. Drawer 4539  
Montgomery, AL 36103-4539  
Ph:  334.532.3400  
Fax: 334.532.3434