IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY ) <br> COMPANY OF AMERICA f/k/a The ) <br> Travelers Indemnity Company of Illinois, ) <br> as subrogee of Tuskegee University, and ) <br> TUSKEGEE UNIVERSITY, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> ONESOURCE FACILITY SERVICES, ) <br> INC., ) <br>   ) <br> Defendant. ) | CASE NO. 3:05-cv-618(T) |

## DEFENDANT'S BRIEF IN OPPOSITION TO
## PLAINTIFFS' MOTION TO REMAND

OneSource Facility Services, Inc. ("OneSource"), submits its Brief In Opposition To Plaintiffs' Motion to Remand as follows:

### INTRODUCTION

Plaintiffs do not dispute that complete diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interests and costs as outlined in the Notice of Removal. Accordingly, it is undisputed by the parties that this Court is vested with diversity jurisdiction. Plaintiffs' only argument in support of remand is that OneSource waived its right to remove this action to Federal Court by virtue of a venue selection clause contained in the contract between Tuskegee and OneSource. That is the sole issue before this Court.

## ANALYSIS

A. **THE VENUE SELECTION CLAUSE DOES NOT PREVENT ONESOURCE FROM EXERCISING ITS RIGHT OF REMOVAL**

1. **Plaintiffs' Contractual Provision Is Vague and Imprecise**

In support of their argument, Plaintiffs only cite two Eleventh Circuit cases – Snapper v. Redan, 171 F.3d 1249, 1260 (11th Cir. 1999), and Global Satellite Communication Co. v. Star Mill UK Ltd., 378 F.3d 1269 (11th Cir. 2004). Plaintiffs correctly cite Snapper, for the proposition that Courts should interpret a forum selection clause in accordance with ordinary contract principles, as provided under federal law,[1] to determine whether removal rights have been waived. 171 F. 3d at 1260. The Eleventh Circuit recently applied that standard to reverse a district court's remand order in Global Satellite Communication Co. v. Star Mill UK Ltd., 378 F.3d 1269 (11th Cir. 2004).

The forum selection clause at issue in Global Satellite provided as follows:

> This Agreement shall be construed and enforced in accordance with the laws of the United States of America. *Venue shall be in Broward County, Florida.* In the event of litigation, the prevailing party shall be entitled to reasonable attorney's fees both at the trial and appellate levels. The parties to this agreement herein *expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida.*

Global Satellite, 378 F.3d at 1271 (emphasis added). The party who drafted the forum selection clause, Global Satellite, originally filed a breach of contract suit in the Florida Circuit Court for Broward County, Florida. Id. at 1270. Because diversity jurisdiction existed, defendant Starmill removed the action to the United States District Court for the Southern District of Florida, which encompasses nine counties including Broward County. Id. Although the case was initially removed

---

[1] "[F]ederal law, not Alabama law, must be applied to determine the effect of forum selection clauses." Stewart Organization, Inc. v. Ricoh Corp., 810 F.2d 1066, 1068 (11th Cir. 1987).

to the Fort Lauderdale Division located in Broward County, the district court subsequently ordered that all proceedings were to be conducted at the Miami federal courthouse in Dade County, Florida. Id. at 1273. Based on the forum selection clause set forth above, Global Satellite persuaded the district court that Starmill had waived its removal rights, and the district court remanded the case to state court in Broward County. Id. at 1270-71.

On appeal, the Eleventh Circuit initially addressed the provision that "[v]enue shall be in Broward County, Florida," and concluded that this language did not forbid removal because it did not designate "any particular forum" within Broward County. Id. at 1272-73. Global Satellite argued that "the fact that an action removed from Broward County state court could potentially be moved [and was actually moved] to a district court sitting outside of Broward County warrants interpreting the clause to forbid removal." Id. at 1273. However, the Court rejected that argument because it was possible that the action could be conducted in federal court in Broward County. Id. Citing 28 U.S.C. § 1404, the Eleventh Circuit stated that if the parties objected to venue in Dade County, "they will be free to raise the issue or make appropriate motions when jurisdiction is returned to the district court on remand." Id.

The Court moved next to the provision where the parties "expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida." Id. Global Satellite argued that the parties had waived all removal rights by virtue of this provision. Id. The Eleventh Circuit disagreed and stated that the provision is "clearly limited to issues regarding venue and in personam jurisdiction, and does not encompass the statutory right to remove." Id. Furthermore, the Court held that the provision was *"vague and imprecise.* It fails to specify what kind of jurisdiction it is referring to, whether it be in

personam or territorial." Id. at 1274 (emphasis added). Additionally, the Court held that if Global Satellite had intended to allow suit only in state courts, "it could easily have stated that intention precisely." Id.[2] Because Global Satellite failed to do so, the Court construed the imprecise language against Global Satellite, the drafter, and concluded that removal rights had not been waived. Id. As such, the Eleventh Circuit reversed the district court's order granting Global Satellite's motion to remand. Id.

Turning back to the case at bar, Plaintiffs are correct in noting that the forum selection clause in Global Satellite is somewhat different than the one at issue in this case. However, the difference undercuts Plaintiffs' position because the instant venue selection clause is even more "vague and imprecise" than the one at issue in Global Satellite. Id. Unlike the clause drafted by Global Satellite, the clause drafted by the Plaintiffs never references the words "submit to," "jurisdiction," or "waiver." Compare id. at 1271 with Plaintiff's Ex. A at ¶ 28.A. Thus, Plaintiffs' argument is much weaker than Global Satellite's argument, which the Eleventh Circuit rejected. Ibid.

Plaintiffs' clause merely provides that *venue* shall be brought and maintained in the City of Tuskegee, Macon County, Alabama. See Plaintiff's Ex. A at ¶ 28.A. Like Global Satellite's clause, Plaintiffs' clause does not designate any particular forum in Tuskegee, Macon County, Alabama.

---

[2] The Global Satellite Court pointed to the forum selection clause in the Snapper case as a clear waiver of removal rights. Global Satellite, 378 F.3d at 1273. The Snapper clause provided in relevant part as follows:

> The Undersigned agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the State of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect. *By execution of this instrument, the Undersigned hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present or future domicile.* Nothing herein shall affect the right of Creditor to commence legal proceedings or otherwise proceed against the Undersigned in any other jurisdiction or to serve process in any manner permitted or required by law.

Snapper, 378 F.3d at 1260 (emphasis added).

Id. While OneSource acknowledges that this Court is not located in Macon County, neither was the federal district court in Global Satellite located in Broward County. Global Satellite, 378 F.3d at 1273 ("[T]he district court, prior to deciding the pending remand motion, issued its scheduling order of January 28, 2003, ordering that 'trial and all other proceedings shall be conducted' at the *Miami federal courthouse in [Dade County]*.") (emphasis added). Yet, the Global Satellite Court held that removal was not forbidden because it was possible to conduct the action in federal court in Broward County. Id. Likewise, removal is not forbidden in this case because it is possible for this Court to conduct the instant action in Tuskegee, Macon County, Alabama. *See* 28 U.S.C. § 1404(c) ("A district court may order any civil action to be tried at any place within the division in which it is pending." (emphasis added).

As stated, Plaintiff Tuskegee drafted the venue selection clause at issue and could have easily excluded removal rights with precise language.[3] Instead, like Global Satellite, Plaintiff Tuskegee used "vague and imprecise" language which must be construed most strongly against Plaintiffs. Global Satellite, 378 at 1274. Therefore, because that language is the sole basis for Plaintiffs' motion to remand, the motion is due to be denied. Id.; see also Costas v. Deposit Guaranty National Bank, 2005 WL 1189711 at * 1-2 (5th Cir. 2005) (holding that term in trust did not necessarily exclude the exercise of federal jurisdiction when the clause stated that a trust shall be under the jurisdiction of the Chancery Court of Hinds County, Mississippi).

### 2. OneSource's Removal Is Not Inconsistent with the Venue Selection Clause

As discussed, Plaintiffs' venue selection clause requires venue to be "brought and maintained in the City of Tuskegee, Macon County." Pursuant to 28 U.S.C. 81(b)(3), this Court's Eastern

---

[3] See supra n. 2 (example of clear, precise waiver of removal rights).

Division comprises Macon County. This Court can take judicial notice that the City of Tuskegee is within Macon County. Just as in Global Satellite when the Court noted that Broward County was within the applicable federal judicial district, the Eastern Division of this Court encompasses the City of Tuskegee and Macon County. Therefore, OneSource's removal is not inconsistent with the language of the venue selection clause. As such, Plaintiffs' motion to remand is due to be denied.

**B.   BECAUSE THIS ACTION IS PROPERLY REMOVABLE, VENUE IS APPROPRIATE IN THIS COURT PURSUANT TO 28 U.S.C. 1441(A)**

Plaintiffs originally commenced the suit in the Circuit Court of Macon County, Alabama. However, the action was timely removed to this Court when Plaintiffs voluntarily dismissed the non-diverse Defendants, which created diversity jurisdiction. Upon removal, venue was only appropriate in the Eastern Division of the Middle District of Alabama. See 28 U.S. C. 1441(a) (providing that venue in a removed action is appropriate only in the district and division embracing the place where such action is pending); 28 U.S.C. 81 (b)(3) (establishing that the Middle District, Eastern Division comprises several counties including Macon County); Hollis v. Florida State University, 259 F.3d 1295, 1299 (11th Cir. 2001) (noting that §1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district.); Southern Aggregate Distributors, Inc. v. Downen Aggregate Group, L.L.C., 2005 WL 1387633 at * 2 (S.D. Ala. June 6, 2005) (concluding that forum selection clause requiring case to be filed in Ohio did not prohibit district court in Alabama from denying motion to dismiss for improper venue because case was properly removable to Southern District of Alabama). Because this Court comprises the City of Tuskegee, Macon County, Alabama, and because the action was originally brought there, venue is appropriate in this Court pursuant to 28 U.S.C. § 1441.

WHEREFORE, the premises considered, OneSource requests that this Court deny Plaintiffs' Motion to Remand.

Respectfully submitted,

_____
Patrick L. W. Sefton          (SEF001)
Attorney for Defendant
OneSource Facility Services, Inc.

OF COUNSEL:
Sasser, Bolton, Stidham & Sefton, P.C.
P. O. Drawer 4539
Montgomery, AL 36103-4539
Telephone:   334.532.3400
Facsimile:    334.532.3434

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND** has been served upon the following by placing a copy of the same in the United States Mail, with proper postage prepaid, on this the 25th day of August 2005:

D. Wayne Rogers, Esq.
Linda Hinson Ambrose, Esq.
Attorney for Plaintiffs
Rogers & Associates
3000 Riverchase Galleria, Suite 650
Birmingham, AL 35244

_____
Of Counsel