IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ONESOURCE FACILITY SERVICES, INC., | ) ) |
| Defendant. | ) |

CASE NO. 3:05-cv-00618-WKW
(WO)

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the Motion to Remand (Doc. # 6) of the plaintiffs, Travelers Property Casualty Company of America ("Travelers"), as subrogee of Tuskegee University, and Tuskegee University. The defendant OneSource Facility Services, Inc. ("OneSource"), opposes the motion. For the reasons set forth below, the motion will be GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

In resolving a motion to remand a case, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff . . . ." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citations omitted). According to the plaintiffs, OneSource contracted with Tuskegee University to provide cleaning and maintenance of the university campus, including the "chiller plant," the building that housed equipment necessary for the operation of the air conditioning system for the main campus. Two transformers inside the chiller plant were damaged by water. Plaintiffs contend that OneSource caused the damage.

Travelers, a Connecticut corporation, and Tuskegee University, an Alabama corporation, filed an action in the Circuit Court of Macon County, Alabama,[1] on August 26, 2004, against OneSource, a Delaware corporation, and two Alabama corporations, Burch Corporation of America and Burch Corporation. Plaintiffs contend that, as discovery progressed, it learned that the Burch defendants were not responsible for the maintenance of the equipment that allegedly caused the water damage. Plaintiffs voluntarily dismissed the Burch defendants on June 28, 2005.

OneSource removed this action on June 29, 2005, alleging complete diversity of citizenship after the dismissal of the Burch defendants. Plaintiffs now move for remand on the basis that the contract upon which this action arises contains a forum selection clause that bars removal of the case from the Circuit Court of Macon County to this Court. The contract clause at issue contains both choice of law and forum language: "The contract shall be governed by the laws of the State of Alabama and that venue in any legal proceedings arising out of the contract or performance there under shall be brought and maintained in City of Tuskegee, Macon County, Alabama." OneSource opposes the remand.

## II. STANDARD

Forum selection clauses are "prima facie valid and should be enforced" unless they are shown to be unreasonable, unjust, or invalid for such reasons as fraud or overreaching. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988).[2] The Court may "remand a removed case when appropriate to enforce a forum selection

---

[1] The Court takes judicial notice that the Circuit Court of Macon County, Alabama, is only located in the City of Tuskegee, Alabama.

[2] Because OneSource challenges only the interpretation of the forum selection clause, and because federal common law and Alabama law are in accord regarding forum selection clauses that mandate an in-state Alabama forum, the Court need not engage in an *Erie* analysis. *Stewart Org., Inc.*, 487 U.S. at 27 n.6.

2

clause." *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999). A forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court.[3] *See id.* at 1260. "[I]n the context of removal based solely on diversity jurisdiction, ordinary contract principles govern a contractual waiver." *Id.* at 1261 (footnote omitted). "However, when ordinary contract principles fail to elucidate a single reasonable interpretation for an *ambiguous provision*, and instead the provision is subject to opposing, yet reasonable interpretation[s], an interpretation is preferred which operates more strongly against the party from whom the words proceeded. *Global Satellite Communication Co. v. Starmill U.K. Ltd.,* 378 F.3d 1269, 1271 (11th Cir. 2004) (citations and quotation marks omitted) (emphasis added).

### III. DISCUSSION

In light of the foregoing principles, this Court must first determine whether the forum selection clause at issue – ". . . **venue in any legal proceedings arising out of the contractual performance there under shall be brought and maintained in City of Tuskegee, Macon County, Alabama**"– is "ambiguous . . . and . . . subject to opposing yet reasonable interpretation[s]." *Id.* The Court applies Alabama principles of contract law to do so.[4] Under Alabama law, "[a]n ambiguity [in a contract] exists where a term is reasonably subject to more than

---

[3] Venue in a removal action is determined by the removal statute. *See* 28 U.S.C. § 1441(a). OneSource is correct in noting that venue is proper in the Eastern Division of the Middle District of Alabama, as this is the district and division embracing the place from which the case is removed. However, the existence of proper venue here does not preclude remand; forum selection by agreement of the parties is at issue here.

[4] Federal district courts sitting in diversity must apply the substantive law of the forum state. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The *Erie* doctrine extends to choice-of-law questions. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Alabama follows the traditional conflict rule of *lex loci contractus*, which states that the laws of the jurisdiction where the contract is made governs the contract, but Alabama also recognizes the right of parties to choose a particular state's laws to govern their contract. *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala. 1991).

3

one interpretation. The mere fact that adverse parties contend for different constructions does not in itself force the conclusion that the disputed language is ambiguous." *Ex parte Awtrey Realty Co.*, 827 So.2d 104, 107 (Ala. 2001) (citations omitted). Moreover, the parties cannot create ambiguities by setting forth "strained or twisted reasoning." *See id*. at 107-08. Nor does an undefined word or phrase create an inherent ambiguity. *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So.2d 687, 692 (Ala. 2001). "To the contrary, where questions arise as to the meaning of an undefined word or phrase, the court should simply give the undefined word or phrase the same meaning that a person of ordinary intelligence would give it." *Id.* (citation omitted).

OneSource has the burden of establishing the ambiguity it alleges. *Blue Cross Blue Shield of Alabama v. Rigas*, __So.2d__, 2005 WL 2175451 (Ala. Sept. 9, 2005). Relying almost exclusively on *Global Satellite*, OneSource advances several arguments in support of a finding of ambiguity.

The forum selection clause in *Global Satellite* stated, in relevant part, "Venue shall be in Broward County, Florida. . . . The parties . . . herein expressly waive the right to contest any issues regarding venue or in personam jurisdiction and agree in the event of litigation to submit to the jurisdiction of Broward County, Florida," *Global Satellite*, 378 F.3d at 1271. The Eleventh Circuit Court of Appeals found the phrase "submit to the jurisdiction of Broward County, Florida" to be vague and imprecise "because it names only a geographical unit, [which is] host to several forums" and the Court "can only guess which of these it intended to designate." *Id*. The court in *Global Satellite* thus held that particular clause to be ambiguous.

OneSource first faults the drafter of the contract, Tuskegee University, for failure to designate a particular forum in Tuskegee, Macon County, Alabama. (Def. Br., at 4.) OneSource correctly

acknowledges that "this Court is not located in Macon County, Alabama," but goes on to incorrectly allege ". . . neither was the federal district court in *Global Satellite* located in Broward County, [Florida]." But, in fact, *Global Satellite* firmly established that the "district courts for the Southern District of Florida *are located in the cities of Fort Lauderdale (in Broward County),* [citing other geographical locations] . . . ." *Global Satellite*, at 1271-72 (emphasis added). The *Global* court further noted that Broward County was "host to several forums," meaning that there were both federal and state courts sitting in that county. *Id.*

Assuredly, Tuskegee, Macon County, Alabama is not "host to several forums." The district courts of the Middle District of Alabama sit by statutory designation in Montgomery, Dothan, and Opelika, not in Tuskegee. 28 U.S.C. § 81(b)(3). The only forum for a civil action of this magnitude in Tuskegee is the Circuit Court of Macon County, Alabama – a state court. OneSource insists that it is theoretically possible, under 28 U.S.C. §1404(c),[5] to order "any civil action to be tried at any place within the division in which it is pending." (Def. Br., at 5.) Assuming *arguendo* that the Court has such authority, the likelihood of the Court ordering the trial of this case to be held in Tuskegee is about the same as the likelihood of ordering the trial to be held in Beehive, Bacon Level, Cowpens, or Frog Eye – which is to say, not at all likely.[6]

To conceive that either of these parties, when negotiating this contract, entertained the idea that the clause in question referred to a federal district court in the Middle District of Alabama would

---

[5] The change of venue statute, 28 U.S.C. § 1404, is inapplicable here.

[6] Beehive, Bacon Level, Cowpens, and Frog Eye are communities located within the Eastern Division of the Middle District of Alabama.

5

be patently unreasonable and a strained construction. The clause is not ambiguous for the failure to designate a particular forum in Tuskegee. There is no other forum in Tuskegee.[7]

OneSource's second reason to conclude that the clause is ambiguous is that "*removal is not forbidden* because it is possible for the court to conduct the instant action in Tuskegee, Macon County, Alabama." (Def. Br. at 5(emphasis added).) At first blush this argument seems to be the same as previously discussed because of the reference to the possibility of holding court in Tuskegee. In fact, this argument relates to whether the clause in question constitutes a *waiver* by OneSource of its right to remove in a diversity action. This analysis is intertwined with the discussion of ambiguity.

The phrase "shall be brought and maintained" is the operative phrase as to waiver of the right of removal.[8] In the context of civil litigation, "brought" can only mean "filed," and "maintained," especially when conjunctive to "brought," can only mean "kept."[9] OneSource did not address the meaning and force of these words and has not demonstrated that they are vague or imprecise.[10] While the subject clause is not an example of brilliant legal drafting, neither does it lend itself to

---

[7] Most courts that have been asked to interpret similarly-worded clauses have concluded that the federal court of the district embracing the county named in the clause is not a permissible forum. *See, e.g., Paolina v. Argyll Equities, L.L.C.*, No. SA-05-CA-0342-XR, 2005 WL 2147931, at *4 (W.D. Tex. Aug. 31, 2005) (collecting cases).

[8] OneSource does not contend that "any legal proceedings arising out of the contract or performance there under" is ambiguous. Nor does it contend that the forum selection clause is not mandatory.

[9] Given their ordinary meaning, "brought" in its present tense means to "initiate," Merriam-Webster Online Dictionary, http://www.m-w.com/dictionary/brought/ (last visited March 23, 2006), and "maintained" means to "keep in an existing state." *Id.*, http://www.m-w.com/dictionary/maintained/ (last visited March 23, 2006). (Here, the latter is construed "to keep in an existing state *court*.")

[10] OneSource further contends that the clause at issue is even more vague and imprecise than the one in Global Satellite because it makes no mention of words such as "submit to," "jurisdiction," or "waiver." However, a waiver need not "include explicit words such as 'waiver of right of removal,'" *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001), and the use of those words in *Global Satellite* actually confused the issue.

6

more than one reasonable interpretation: any legal proceeding arising out of this contract shall be filed and kept in the Circuit Court of Macon County, Alabama. The clause is unambiguous and constitutes a clear waiver of any right to removal.

OneSource's last argument is that removal is not inconsistent with the forum selection clause. In view of the above findings that the language is not reasonably susceptible to two or more meanings, this argument is without merit.

## IV. CONCLUSION

The forum selection clause is unambiguous. In its contract with Tuskegee University, OneSource agreed to waive its right to remove to federal court any action arising from the contract. Accordingly, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 6) is GRANTED, and this cause is hereby REMANDED to the Circuit Court of Macon County, Alabama. The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 23rd day of March, 2006.

      /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE